661 So.2d 480 (1995)
STATE ex rel. Monroe STEPTER
v.
John P. WHITLEY, Warden.
No. 93-KH-2346.
Supreme Court of Louisiana.
October 13, 1995.
Writ granted in part; case remanded. The timeliness provisions of C.Cr.P. art. 930.8(A) do not apply to motions to correct illegal sentences made under La.C.Cr.P. art. 882, which states that illegal sentences "may be corrected at any time." State ex rel. Foucha v. C.D.C., 93-1001 (La. 9/2/94), 642 So.2d 1274; State ex rel. Johnson v. Day, 92-1022 (La. 5/13/94), 637 So.2d 1062. The district court is therefore ordered to rule on the merits of relator's claims that he received an illegally indeterminate sentence. If relator did receive such a sentence, the district court must resentence him to the required determinate sentence. La.C.Cr.P. art. 879; State ex rel. Thomas v. State, 94-2767 (La. 12/9/94), 647 So.2d 1102; State ex rel. Dawson v. Ballard, 460 So.2d 595 (La.1984); see also State v. Telsee, 388 So.2d 747, 749 n. 2 (La.1980). As to all of relator's other claims, which do not relate to the legality of the sentence itself under the applicable statutes, relator's application is denied because the court correctly treated these issues as forming the proper basis for an application for post conviction relief, time-barred in relator's case. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189.