**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-30694
_____

ROBERT J. SAMPIA, JR.,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-2132

September 9, 2002

Before KING, Chief Judge, and JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert J. Sampia, Louisiana prisoner # 120990, appeals the district court's dismissal of his

28 U.S.C. § 2254 application for writ of habeas corpus as barred by the one-year limitations period

set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 1996 (AEDPA). The only issue on appeal is whether a motion filed by Sampia in state court entitled "Motion to Correct an Illegal Sentence" was a "properly filed application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)'s tolling provision.

Sampia was convicted of armed robbery pursuant to a guilty plea on March 30, 1988 and sentenced to forty years' imprisonment. Sampia did not appeal his conviction. Sampia then filed two applications for post-conviction relief challenging the legality of his sentence. Both of Sampia's applications were denied by the Louisiana courts.

Thereafter, on January 22, 1996, Sampia filed a third petition for relief entitled "Motion to Correct an Illegal Sentence." In this motion, Sampia pointed out a typographical error in the transcript of his sentencing hearing. Specifically, the transcript stated that Sampia had pleaded guilty to LA. REV. STAT. ANN. art. 14:84 (pandering) as opposed to 14:64 (armed robbery). Because the maximum sentence for a pandering conviction under article 14:84 is five years' imprisonment, Sampia argued that his forty-year sentence was illegal. In an order entitled "Denial of Application for Post-Conviction Relief," the trial court ordered Sampia's sentencing transcript corrected, but denied his request for resentencing as frivolous. Sampia appears to have raised other issues in his "Motion to Correct an Illegal Sentence," but the trial court did not specifically address or identify those issues.[1]

_____

[1]The United States District Court record does not contain a copy of Sampia's motion. Thus, it is impossible for us to know precisely the claims raised by Sampia in that motion. The orders issued by the Louisiana courts in response to Sampia's motion do, however, shed some light on the nature of his claims. For example, the trial court describes at length Sampia's illegal sentence claim. The Louisiana appellate court then, without going into detail, refers to "remaining issues" raised by Sampia that the court finds untimely under article 930.8A of the Louisiana Code of Criminal Procedure, which sets the limitations period for applications for post-conviction relief. *In re: Sampia*, 96-00506 (La. App. 3 Cir. 8/12/96) (order denying Sampia's application for writ of review). The Louisiana Supreme Court likewise determined that at least some of Sampia's claims were time-barred under article 930.8A.

The trial court dismissed Sampia's petition on February 27, 1996.

Sampia then sought review of the trial court's decision. On August 12, 1996, the Louisiana appellate court affirmed the trial court's decision for two reasons. First, the court noted that Sampia's claim that his sentence was illegal was "repetitive and ha[d] previously been addressed by this court." *In re: Sampia*, 96-00506 (La. App. 3 Cir. 8/12/96) (order denying Sampia's application for writ of review). Second, the court noted that Sampia's "remaining issues [were] untimely as [Sampia] ha[d] failed to state any ground warranting an exception to the time limitation contained in LA. CODE CRIM. PROC. ANN. art. 930.8," which limits the time in which a prisoner in custody may file an application for post-conviction relief.[2] *Id.* Thereafter, on September 19, 1997, the Louisiana Supreme Court denied Sampia's request for supervisory or remedial writs without opinion. The Louisiana Supreme Court's order included the following citations: LA. CODE CRIM. PROC. ANN. art. 930.8 (setting limitations period for applications for post-conviction relief); *Glover v. State*, 660 So.2d 1189 (La. 1995) (upholding article 930.8's limitations provision); and *Stepter v. Whitley*, 661 So.2d 480 (La. 1995) (distinguishing between applications for post-conviction relief and claims challenging the legality of a sentence, and holding that article 930.8's limitations provision did not apply to the latter). The Louisiana Supreme Court denied reconsideration of its ruling on October 31, 1997.

Sampia then filed the instant federal habeas petition pursuant to 28 U.S.C. § 2254. The case was referred to a magistrate judge, who recommended that Sampia's § 2254 application be dismissed

---

[2]At the time of the court's ruling, article 930.8A prevented Louisiana courts from considering applications for post-conviction relief "filed more than three years after the judgment of conviction and sentence has become final." LA. CODE CRIM. PROC. ANN. art. 930.8A (West 1997). Article 930.8A has since been amended to reduce the limitations period to two years. *See* LA. CODE CRIM. PROC. ANN. art. 930.8A (West Supp. 2000).

as barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d), as amended by AEDPA.

After Sampia filed objections, the magistrate judge issued a supplemental report and recommendation, again recommending dismissal of Sampia's application as untimely. The district court adopted the magistrate judge's reports and denied Sampia's request for a certificate of appealability ("COA"). We then granted Sampia a COA on the issue of whether his § 2254 was timely filed—specifically, on the issue of whether his "Motion to Correct an Illegal Sentence" satisfied the criteria of § 2244(d)(2) and thus tolled AEDPA's one-year limitations period.

Section 2244(d), as amended by AEDPA, provides in relevant part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        . . .
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) & (d)(2). Because Sampia's conviction became final prior to April 24, 1996, the effective date of AEDPA, Sampia had a one-year grace period within which to timely file an application for federal habeas corpus relief. *Flannagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). In other words, absent tolling, Sampia had until April 24, 1997 to file a timely habeas application. Sampia did not file his habeas application until November 2, 1998.[3]

---

[3]We previously remanded this case twice for a determination of the precise date on which Sampia placed his federal habeas petition into the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding that a pro se prisoner's application for federal writ of habeas corpus is deemed "filed" as of the date it is tendered to prison authorities for mailing). Ultimately, the district court determined that Sampia placed his application in the prison mail system "sometime between November 2, 1998, after mail pickup, and November 4, 1998, prior to mail pickup." The district

Sampia concedes that his federal habeas petition was filed after the expiration of the one-year grace period following the effective date of AEDPA. Thus, the only way his § 2254 application can be considered timely is if his "Motion to Correct an Illegal Sentence" was a "properly filed application for State post-conviction or other collateral review" that tolled the one-year limitations period until November 2, 1998.[4]

Before we can determine whether a motion such as this satisfies the criteria of § 2244(d)(2), we must first determine whether Sampia's "Motion to Correct an Illegal Sentence" is a "properly filed application for State post-conviction or other collateral review." Under Louisiana law, a prisoner in custody may only raise certain types of claims in an application for post-conviction relief. Specifically, article 930.3, as it was written at the time the Louisiana courts ruled on Sampia's motion, provided in relevant part:

> If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
>
> (1)     The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;
> (2)     The court exceeded its jurisdiction;
> (3)     The conviction or sentence subjected him to double jeopardy;
> (4)     The limitations on the institution of prosecution had expired;
> (5)     The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
> (6)     The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.

court then held that, because Sampia's petition would be timely if it was placed in the prison mail system on November 2, 1998, and because prison authorities had failed to satisfy their burden to show that the petition was *not* timely filed, the petition should be deemed filed on November 2, 1998.

[4]Assuming Sampia's motion satisfied the criteria of § 2244(d)(2) and was pending until the Louisiana Supreme Court finally denied him relief on October 31, 1997, Sampia had one year from that date to file a timely § 2254 application. Because October 31, 1998 was a Saturday, Sampia had until November 2, 1998 to file his federal habeas petition.

LA. CODE. CRIM. PROC. ANN. art. 930.3 (West 1997). At the time Sampia filed his motion with the state trial court, article 930.8 limited the time during which a prisoner could file a timely application for post-conviction relief to three years. In addition to applications for post-conviction relief, Louisiana law also authorizes prisoners to file motions challenging the legality of their sentences. LA. CODE CRIM. PROC. ANN. art. 882. "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." LA. CODE CRIM. PROC. ANN. art. 882A.

The parties both approach this case as if Sampia's motion could only be *either* an application for post-conviction relief or a motion to correct an illegal sentence. It appears from the orders in the record, however, that the Louisiana courts reviewing Sampia's "Motion to Correct an Illegal Sentence" viewed it as both. Although the orders issued by the Louisiana courts treated Sampia's motion primarily as an untimely application for post-conviction relief, each court addressed Sampia's sentence challenge separately on the merits. The Louisiana Supreme Court, when ruling on the timeliness of a prisoner's application for post-conviction relief, has previously held that a state trial court must consider the merits of claims relating to the legality of a prisoner's sentence even if that court deems the prisoner's application otherwise untimely under article 930.8. *Stepter v. Whitley*, 661 So.2d 480 (La. 1995). We defer to the state court's characterization of Sampia's motion. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law.").

On the specific facts of this case, the end result is the same regardless of which type of motion Sampia filed. To the extent Sampia's "Motion to Correct an Illegal Sentence" was an application for post-conviction relief, the Louisiana courts properly dismissed it as untimely without reaching the merits. Nonetheless, it was still "properly filed" within the meaning of § 2244(d)(2). In *Smith v.*

*Ward*, 209 F.3d 383, 385 (5th Cir. 2000), we noted that article 930.8A is not an absolute bar to filing because it contains statutory exceptions to untimely filing. Accordingly, article 930.8A limits the state court's ability to grant relief, but it is not the type of "time-based procedural filing requirement" that "would render an application dismissed on that basis as having been *not* 'properly filed'." *Id.* (emphasis in original). In conclusion, we held that an application determined by the Louisiana courts to be time-barred under article 930.8A is "nevertheless . . . 'properly filed' within the meaning of § 2244(d)(2)." *Id.*

To the extent Sampia's motion was actually a motion to correct an illegal sentence, it was timely under Louisiana law and was addressed by the Louisiana courts on the merits. Thus, it also appears to satisfy the "properly filed" requirement of § 2244(d)(2). Sampia's motion is an attempt to challenge the validity of his sentence after the expiration of time for seeking direct review, and thus is clearly an "application for State post-conviction or other collateral review." *See Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993) (distinguishing collateral review from direct appeals); *see also Martin v. Embry*, No. 99-1203, 1999 WL 1123077 (10th Cir. Dec. 8, 1999) (unpublished opinion) (stating that prisoner's motion for reconsideration of his sentence pursuant to Colorado Rule of Criminal Procedure 35(c) was an application for "State post-conviction or other collateral review").

In sum, we conclude that Sampia's "Motion to Correct an Illegal Sentence" was a "properly filed application for State post-conviction or other collateral review" that did indeed toll the one-year limitations period set forth in § 2244(d), as amended by AEDPA.[5] As a result, we REVERSE the

---

[5]As previously mentioned, we have considered this case several times for various reasons. We note here that Sampia's COA was granted before the Supreme Court decided *Slack v. McDaniel*, 529 U.S. 473 (2000). In *Slack*, the Court held that when a district court denies a habeas petition on

district court's dismissal of Sampia's § 2254 petition as untimely and REMAND the case to the district court for further proceedings.



procedural grounds without considering the underlying constitutional merits, a COA should issue only if the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484 (emphasis added). To date, we have not considered the merits of Sampia's underlying constitutional claims because our pre-*Slack* test did not include the merits test now required by *Slack*.