PER CURIAM.
|!Writ granted; relief denied. The lower courts erred to the extent that they construed relator’s pleading as a motion to correct an illegal sentence, which can be filed any time under La.C.Cr.P. art. 882, rather than an (untimely) application for post-conviction relief. See La.C.Cr.P. art. 930.3; State v. Parker, 98-0256, p. 1 (La.5/8/98), 711 So.2d 694, 695 (unless a pleading captioned as a motion to correct illegal sentence “point[s] to a claimed illegal term in [the petitioner’s] sentence,” it is not cognizable under La.C.Cr.P. art. 882); State ex rel. Stepter v. Whitley, 93-2346 (La.10/13/95), 661 So.2d 480 (“As to all of relator’s other claims, which do not relate to the legality of the sentence itself under the applicable statutes, relator’s application is denied because the court correctly treated these issues as forming the proper basis for an application for post-conviction relief ...”); cf. Smith v. Cajun Insulation, 392 So.2d 398, 402 n. 2 (La.1980). Relator’s application, filed some 18 years after his conviction became final, is time-barred. See La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
| gFurthermore, this Court has construed the provisions of La.C.Cr.P. art. 930.3 and *138 determined that they “provide[] no basis for review of claims of excessiveness or other sentencing error post-conviction.” State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. “An habitual offender adjudication ... constitutes sentencing for purposes of Melinie and La. C.Cr.P. art. 930.3. which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence.” State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030.
Relator’s application is untimely and the claims raised therein are not cognizable on collateral review.