JOY COSSICH LOBRANO, Judge.
hThe State of Louisiana' (“State”) seek's review of the trial court’s June 26, 2015 oral ruling and July 2, 2015 written ruling the motion to correct an illegal sentence filed by Jerry Hamlin (“Defendant”). For the following reasons, we grant the writ and reverse the trial court’s judgment.
The State charged Defendant on February 28, 2000 with one count of possession of cocaine, and on April 11, 2000, a jury found him guilty as charged. The State filed a multiple bill, alleging that Defendant was a fourth felony offender. On July 13, 2000, the court denied his motion to 'quash the multiple bill, adjudicated him a fourth offender, and sentenced him to serve twenty years at hard labor. On appeal, Defendant raised several assignments of error, including a pro se attack on his multiple offender adjudication. This court rejected this attack and affirmed his conviction, adjudication, and sentence. State v. Hamlin, unpub. 2001-0216 (La.App. 4 Cir. 12/19/01, 806 So.2d 183), writ den. 2002-0506 (La.2/7/03), 836 So.2d 88.
Defendant filed a pro se application for post-conviction relief in the trial court in 2003, alleging that appellate counsel was ineffective with respect to errors as to the multiple bill adjudication. The trial court denied the application on March 23, 2003 on the basis that this court reviewed his multiple bill adjudication and | ^sentence on appeal. He sought writs, which this court denied, State v. Hamlin, unpub. 2003-0862 (La.App. 4 Cir. 6/20/03), and the Supreme Court denied his subsequent writ, State ex rel. Hamlin v. State, 2003-1974 (La.6/25/04), 876 So.2d 824.
*142 Defendant then filed a pro se motion to correct an illegal sentence/motion to quash the multiple bill, wherein he alleged that his sentence as a multiple offender was “illegal” due to the fact that the 1979 predicate felony used in the multiple bill was invalid. Although the trial court denied the motion on May 12, 2005, Defendant did not get notice of the trial court’s ruling because he filed a mandamus in this court seeking a ruling from the trial court. This court denied writs, noting that his motion to correct an illegal sentence was, in fact, an application for post-conviction relief, and his claim was not cognizable under post-conviction review. State v. Hamlin, unpub. 2005-1071 (La.App. 4 Cir. 7/28/05).
In April 2014, Defendant filed another pro se motion to correct an illegal sentence wherein he again raised the same issue raised before. When the trial court failed to rule on the motion, he filed a mandamus in this court. This court granted the writ and transferred the motion to the trial court for its consideration. State v. Hamlin, unpub. 2014-1111 (La.App. 4 Cir. 10/15/14).
On remand, the trial court ordered the State to respond to Defendant’s motion, and the State responded on January 5, 2015. The court appointed an attorney from the Orleans Public Defender’s Office to represent Defendant on February 13 and scheduled a hearing, which was reset several times. On June 26, 2015, the court heard the matter and granted Defendant’s motion to correct his sentence. The State objected, noted its intent to seek writs, and requested a stay. The court granted a temporary stay until July 24 and set a return date of July 10, |s2015. The court issued a written judgment on July 2, 2015. The State filed its writ timely with this Court on July 8. Re-sentencing in the trial court is set for July 24, 2015.
The trial court granted Defendant’s motion to correct an illegal sentence because it found that the plea form with respect to Defendant’s 1979 guilty plea, which was one of the predicate offenses that the State alleged in the bill of information and which the State presented at the 2000 multiple bill hearing, did not indicate that Defendant was advised of his right to trial by jury. Thus, the court held that Defendant should have been a third offender, not a fourth offender, and it granted his motion and set a date to re-sentence him as a third offender. The State contends that this ruling is in error because Defendant’s claim concerning the validity of a predicate plea is not a true claim of an illegal sentence; rather, it is a post-conviction claim, and sentencing claims are not cognizable in post-conviction review. The State’s claim has merit.
Defendant’s present claim is similar to the one he raised in his 2003 post-conviction application and identical to the one he raised in his 2005 mandamus application. This court denied both writs.
At the 2000 multiple bill hearing, defense counsel orally objected to the use of his 1979 predicate guilty plea because the plea form did not show that Defendant was advised of his right to remain silent both at trial and, by extension, before pleading guilty. The trial court rejected this argument. On appeal, this Court affirmed, noting that the State met its burden of proof at the hearing, and the defense presented nothing to rebut the State’s evidence that the plea could be used.
By contrast, in Defendant’s 2003 post-conviction application, he alleged that appellate counsel was ineffective for failing to find the transcript of this guilty plea |4to show that he was not advised of his right to trial by jury, basically the same argument he now raises. The trial court rejected this argument, as did this Court. *143 In denying Defendant’s writ from this Court’s ruling, the Louisiana Supreme Court merely cited La.C.Cr.P. art. 930.3 and State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172.[1] See State ex rel. Hamlin v. State, 2003-1974 (La.6/25/04), 876 So.2d 824.
Likewise, in State v. Hebreard, 98-0385 (La.App. 4 Cir. 3/25/98), 708 So.2d 1291, this court noted that Melinie’s prohibition on raising sentencing claims includes claims concerning multiple bill adjudications and sentences, as these are a part of the sentencing procedure. In State v. Cotton, 2009-2397 (La.10/15/10), 45 So.3d 1030, cited by the State, the Court reversed the appellate court’s granting of a defendant’s writ concerning a claim of ineffective assistance of counsel at a multiple bill hearing, noting in its opinion: “An habitual offender adjudication thus constitutes sentencing for purposes of Melinie and La.C.Cr.P. art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence.... A fortio-ri, respondent’s claim that he received ineffective assistance of counsel at his habitual offender adjudication is not cognizable on collateral review so long as the sentence imposed by the court falls within the range of the sentencing statutes. Cf. La.C.Cr.P. art. 882.” Cotton, 2009-2397, p. 2, 45 So.3d at 1030-1031. See also State v. Quinn, 2014-1831, p. 1 (La.4/10/15), 163 So.3d 799 | ¡jMelinie “precludes consideration of any habitual offender adjudication error on collateral review.”)
When Defendant filed his 2005 motion, he styled it a motion to correct an illegal sentence, which as per La.C.Cr.P. art. 882 may be filed at any time. In that pleading, Defendant reiterated his earlier claim that his sentence is illegal because he should have been adjudicated a third, not a fourth offender. In his mandamus to this court, Defendant asserted that the trial court had not ruled on his motion. This court denied writs, finding that his motion was actually an application for post-conviction relief, and his claim was not reviewable in post-conviction proceedings, citing La.C.Cr. P. art. 930.3 and Melinie. Since his present claim is the same claim that was rejected by this court in 2005, this Court similarly rejects the claim.
The trial court relied upon State v. Reed, 2011-1026 (La.App. 4 Cir. 11/30/11), 79 So.3d 492, and State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982), in granting Defendant’s motion to correct illegal sentence. However, Reed and Wilson are distinguishable from the present case. In both of those cases, the predicates used to multiple bill the defendants were not felonies under Louisiana law and thus could not be used to enhance the defendants’ sentences. By contrast, Defendant did not contend that the offense to which he pled guilty in 1979 was not a felony; instead, Defendant asserted that the plea could not be used because the State failed to show that it was voluntary. Because Defendant is not attacking the status of the offense to which he pled guilty, the holdings of Reed and Wilson are not applicable to his case.
A recent Supreme Court opinion from a case arising out of the same section of criminal court as the present one illustrates that the holdings of Reed and Wilson are limited to their facts. In State v. Alexander, 2014-0401 (La.11/7/14), 152 *144 So.3d 137, the defendant pled guilty in 1994 to being a third offender, which was based on two predicate- offenses of possession of marijuana, third offense. These two predicate offenses were in turn based on the same three prior marijuana convictions (two simple possession convictions and one possession, second offense conviction). The defendant filed a motion to withdi-aw guilty plea/motion to correct illegal sentence in -2010, arguing that the State could not use both predicate offenses in the multiple bill because they were felonies that were enhanced by the same misdemeanor cases. He asserted that if only one of the, predicates had been used, he would have been a second offender, not a third offender; therefore, the sentence he received would be illegal as a second offender. By the time of the hearing, the defendant cited Reed and argued that his claim was in reality a motion to correct an illegal sentence and not barred by Melinie and La.C.Cr.P. art. 930.3.. The trial court granted the motion in 2013, and the State sought writs. This Court, following Reed, interpreted his motion as a.motion to correct an illegal sentence, but on the merits it granted the State’s writ, finding that the State could use both predicate offenses and reinstating the defendant’s adjudication and sentence as a third offender.
The defendant took writs to the Supreme Court, which granted the writ but denied relief. The Court in Alexander stated:
Writ granted; relief denied. The lower courts erred to the extent that they construed relator’s pleading as a motion to correct an illegal sentence, which can be filed any time under La.C.Cr.P. art. 882, rather than an (untimely) application for post-conviction relief. See La.C.Cr.P. art. 930.3; State v. Parker, 98-0256, p. 1 (La.5/8/98), 711 So.2d 694, 695 (unless a pleading captioned as a motion to correct illegal sentence “pointfs] to a claimed illegal term in [the petitioner’s] sentence,” it is not cognizable under La.C.Cr.P. art. 882); State ex rel. Stepter v. Whitley, 93-2346 (La.10/13/95), 661 So.2d 480 (“As to |7all of relator’s other claims, which do not relate to the legality of the sentence itself under the applicable statutes, relator’s application is denied because the court correctly treated these issues as forming the proper basis for an application for post-conviction relief ...”); cf. Smith v. Cajun Insulation, 392 So.2d 398, 402 n. 2 (La.1980). Relator’s application, filed some 18 years after his conviction became final, is time-barred. See La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
Furthermore, this Court has construed the provisions of La.C.Cr. P. art. 930.3 and determined that they “provide[ ] no basis for review of claims of excessiveness or other sentencing error post-conviction.” State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. “An habitual offender adjudication ... constitutes sentencing for purposes of Melinie and La.C.Cr.P. art. 930.3. which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence.” State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030.
Relator’s application is untimely and the claims raised therein are not cognizable on collateral review.
Alexander, 2014-0401, pp: 1-2, 152 So.3d at 137-138.
More recently, this Court in State v. Mead, 2014-1051 (La.App. 4 Cir. 4/22/15), 165 So.3d 1044, held that a defendant’s claim that the State failed to prove that his predicate guilty pleas were voluntary under Boykin was not a claim for the’ corree *145 tion of an illegal sentence but rather was a post-conviction claim that was time barred by La.C.Cr.P. art. 930.8 and also barred from consideration by La.C.Cr.P. 930.3 and Melinie.
Defendant’s claim in the present case is even more removed from those in Reed and Wilson than the defendant’s claim was in Alexander. In Reed and Wilson, the defendants attacked the nature of the predicate offenses, alleging that they were no't properly felonies and could not be used. In Alexander, 'the defendant | ^attacked the use of both predicates that were enhanced based upon the same misdemeanors, and even in that case the Louisiana Supreme Court found that the claim was not properly an illegal sentence correction claim, but instead was a post-conviction claim that was barred by La. C.Cr.P. art. 930.3 and Melinie.
Defendant does not claim that his prior conviction was not a felony, which arguably would fall under Reed and Wilson. Instead, Defendant’s claim is that his 1979 guilty plea was not knowing and voluntary. Such claim has repeatedly been deemed to be a collateral attack on the plea, which is not cognizable in post-conviction review as per La.C.Cr.P. art. 930.3 and Melinie. Thus, the trial court erred by granting Defendant’s motion.
Defendant’s claim is a collateral attack on the voluntariness of his guilty plea. As such, it was not properly an illegal sentence claim, and the trial court erred by considering his motion to correct an illegal sentence under La.C.Cr.P. art. 882. In addition, consideration of Defendant’s claim is not cognizable in a post-conviction review as per La.C.Cr.P. art. 930.3 and Melinie. Accordingly, we grant the State’s writ, reverse the trial court’s ruling, and reinstate Defendant’s adjudication and sentence as a fourth offender.
WRIT GRANTED; JUDGMENT REVERSED; STAY DENIED.

. In Melinie, the Court stated, "La.Code Crim. Proc. Art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction.” Melinie, 93-1380, p. 1, 665 So.2d 1172 (emphasis added).