In re Burger, Brett; — Plaintiffs); applying for supervisory and/or remedial writ; Parish of Orleans, Criminal District Court, Div. “B”, No. 315-426.
Writ granted in part; otherwise denied; case remanded. The timeliness provisions of C.Cr.P. art. 930.8(A) do not apply to motions to correct illegal sentences properly made under La.C.Cr.P. art. 882, which states that illegal sentences “may be corrected at any time.” State ex rel. Foucha v. Cr.D.C., 93-1001 (La. 9/2/94), 642 So.2d 1274; State ex rel. Johnson v. Day, 92-0122 (La. 5/13/94), 637 So.2d 1062. The district court is therefore ordered to address the merits of relator’s claims that he received an illegally lenient sentence, in accordance with the procedures and guidelines forth in State v. Des-dunes, 579 So.2d 452 (La.1991); State v. Washington, 578 So.2d 1150 (La.1991) and State ex rel. Jackson v. Smith, 578 So.2d 1150 (La.1991). In all other respects, relator’s application is denied because the other issues relator raises form the proper basis not for a motion to correct an illegal sentence but rather for an application for post-eonvietion relief, time-barred in relator’s case. State ex rel. Stepter v. Whitley, 93-2346 (La. 10/13/95). 661 So.2d 480; State ex rel. Glover v. State, 93-2380 (La. 9/5/95), 660 So.2d 1189.