liMURRAY, Judge.
Serial Hebreard[1] seeks review of the district court’s denial of an application for post-conviction relief. We decline to grant that review, for the reasons which follow.
Mr. Hebreard was found guilty in 1991 of simple burglary and was sentenced as a second felony offender to twelve years at hard labor. His conviction and sentence were affirmed in an unpublished appeal. State v. Hebreard, 606 So.2d 1011 (La.App. 4th Cir.1992) (table). In 1995, he asserted in a post-conviction application that his adjudication as a multiple offender was invalid because the State had provided insufficient evidence of his Boykin waiver. Mr. Hebreard’s subsequent writ application #96-K-0118, complaining of the trial court’s- failure to rule on his post-conviction claim, was denied by this court on March 1, 1996 with the following disposition:
The application for supervisory writs is denied. Relator is not entitled to have his *1292 claim, challenging the multiple offender adjudication, heard on post-conviction relief. See State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172.
On March 21, 1996, Mr. Hebreard filed writ application # 96-K-0661 with this court, again alleging that the trial court had failed to act on his petition for post-conviction relief. This court denied that writ application as repetitious because the petition attached raised the same claim as in the prior application.
In the present writ application, Mr. He-breard complains of the district court’s denial of a petition for post-conviction relief as repetitious. He asserts that under Article 930.4F of the Code of Criminal Procedure, his petition cannot be rejected on this basis until he has been given an opportunity to explain his failure to raise his latest claim in his prior application.
Our review of Mr. Hebreard’s most recent post-conviction application reveals that he is again challenging his adjudication as a multiple offender, but on different grounds than in his previous petition(s). However, as Mr. Hebreard was previously advised, such a claim is not appropriate for consideration under Article 930.3. State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172. Accordingly, we deny the application for supervisory writ.
WRIT APPLICATION DENIED.

. Mr. Hebreard's name is given as "Seriel” in his original appeal and in some portions of the record.