EDWIN A. LOMBARD, Judge.
_JjThis appeal filed by counsel on behalf of the defendant, Auther Williams, is from a trial court judgment denying a motion to correct an illegal sentence. However, because a denial of a motion to correct an illegal sentence is not an appeal-able judgment, we convert the appeal to a •writ application. See State v. Hill, 2011-0683 (La.App. 4 Cir. 4/4/12), 89 So.3d 396. For the following reasons, the defendant’s application for supervisory relief is denied.

Relevant Facts and Procedural History

The defendant/relator was charged on April 7, 1998 with one count of armed robbery. He pleaded not guilty at his arraignment and, after a jury trial on May 24, 1999, was found guilty as charged. He was subsequently adjudicated a third felony offender and sentenced him to life imprisonment without benefit of parole, probation, or suspension of sentence. On appeal, his conviction and sentence were affirmed. State v. Williams, unpub. 2000-2148 (La.App. 4 Cir. 11/7/01), 800 So.2d 453, writ denied, 2002-0174 (La.2/14/03), 836 So.2d 135. The defendant/relator filed two successive applications for post-conviction relief wherein he argued that the State failed to prove the allegation in the multiple bill. The trial court denied both of these writs, and on review this court upheld these rulings. State v. Williams, unpub. 2003-2044 (La.App. 4 Cir. 12/23/03); State v. Williams, unpub. 2008-0450 (La.App. 4 Cir. 4/25/08), writ denied, State ex rel. Williams v. State, 2008-1280 (La.3/6/09), 3 So.3d 477.
On January 20, 2012, counsel for the defendant/relator filed the motion to correct an illegal sentence currently at issue. The district court heard and denied the motion on April 20, 2012. It is from this ruling that the defendant seeks relief, arguing that the ruling was in error because the State failed to prove that he was a multiple offender.
This claim is without merit. First, it is repetitive; the defendant/relator raised *704 this issue in both of his pro se post-conviction applications and both were denied. See La.Code Crim. Proc. art. 930.4. Moreover, after the trial court granted the motion for appeal from the judgment of April 20, 2012, counsel for the defendant also filed a writ application in this court raising the same issue he sought to raise on appeal. This court denied relief. State v. Williams, unpub. 2012-0979 (La.App. 4 Cir. 7/12/12).
In addition, although the defendant/relator styled his pleading as a motion to correct an illegal sentence, the sentence he received was legal under the provisions of La.Rev.Stat. 14:64 and 15:529.1. Accordingly, this pleading can only be construed as an application for post-conviction relief, but sentencing claims, including those involving multiple bill proceedings, are procedurally barred under State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. (“La.Code [sCrim. Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction:”); see also State v. Hebreard, 98-0385 (La.App. 4 Cir. 3/25/98), 708 So.2d 1291 (Melinie prohibition on raising sentencing claims includes claims concerning multiple bill adjudications and sentences, as these are a part of the sentencing procedure). Accordingly, we find no error in the trial court judgment denying the defendant/relator’s motion.

Conclusion

This appeal is converted to a writ application and, as such, supervisory relief is denied.
APPEAL CONVERTED TO WRIT; WRIT DENIED.