PER CURIAM.
| T Granted. The state has sought review of the district court’s grant of respondent’s motion to correct an illegal sentence, and the court’s reduction in the term of years imposed, following respondent’s release from the penitentiary on parole. The re-sentencing of respondent had the effect of reducing his parole term. Respondent contended in his motion that the sentencing practices of the district court in 1976 resulted in a constitutionally excessive sentence that was not meaningfully tailored to his culpability. Because the motion did not point to a claimed illegal term in the sentence, it presented a claim properly cognizable in an application for post-conviction relief, if at all. See State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694. This Court has determined, however, that La. C.Cr.P. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for |2review of claims of excessiveness or other sentencing error post-conviction. See State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. The district court therefore erred in granting the motion to correct an illegal sentence. Accordingly, the district court’s judgment is reversed and respondent’s original sentence, and with it, his original parole term, are reinstated. Respondent’s release on parole is not otherwise impacted.