PAUL A. BONIN, Judge.
|, Alvin Mead is serving a life-without-parole sentence at Angola. Found guilty of possessing a large amount of cocaine in 1999, Mr. Mead was then adjudicated a third-felony offender under the Habitual Offender Law. His most recent post-conviction filing in the district court is a motion to vacate an illegal sentence in which Mr. Mead claimed that deficiencies in the State’s proof respecting the two predicate felonies charged in his multiple bill resulted in an illegal sentence being imposed. The district court, finding that the life-without-parole sentence imposed upon Mr. Mead was not illegal, denied his motion.
Mr. Mead timely filed an application for supervisory review. We directed the district attorney to respond to Mr. Mead’s application and ordered the entire record of the district court proceedings filed with us. We grant the writ application, but, after our de novo review, we find that the district judge correctly ruled that the sentence imposed upon Mr. Mead is legal.
We further examined Mr. Mead’s motion to determine its viability as an application for post-conviction relief and whether remand to the district court | ¡.would be merited. We conclude, however, that his motion, construed as a PCR application, would be time-barred and, moreover, that the grounds asserted for relief would not be cognizable in such a proceeding.
Accordingly, we deny Mr. Mead the relief sought in his application and affirm the ruling denying his motion. We explain our decision in greater detail below.
I
At the outset we note that, unlike an application for post-conviction relief, a motion to correct an illegal sentence or, as styled here, a motion to vacate an illegal sentence is never time-barred. See La. C.Cr.P. art. 882 A (“An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.”); State v. Campbell, 03-3035, p. 5 (La.7/6/04), 877 So.2d 112, 116. See also State ex rel. Smith v. Criminal Dist. Court, 93-1937 (La.11/18/94), 646 So.2d 367 (holding that the two-year limitations period for applications for post-conviction relief under La.C.Cr.P. art. 930.8, ■ discussed in Part V-A, post, does not apply to motions to correct illegal sentences under Article 882). And thus prisoners are permitted to raise these motions long after their convictions and sentences have become final. See State ex rel. Burger v. State, 95-1578 (La.11/3/95), 661 So.2d 1373; State v. Edwards, 13-2497, p. 1 (La.2/21/14), 133 So.3d 1261, 1261-62. See also La.C.Cr.P. art. 882 cmt.(a) (“The phrase ‘at any time’ makes clear the court’s authority to make a correction after the defendant has begun to serve [his] sentence.”); La.C.Cr.P. art. 922.
*1047 _b.n
“A sentence is the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty, or upon a judgment of guilt.” La.C.Cr.P. art. 871 A. “A valid sentence must rest upon a valid and sufficient: (1) Statute; (2) Indictment; and (3) Verdict, judgment, or plea of guilty.”[1] La.C.Cr.P. art. 872. Thus, an illegal sentence is, in the contemplation of the law, no sentence at all. See La.C.Cr.P. art. 882 cmt.(a); see also State v. Green, 93-1432, p. 6 (La.App. 4 Cir. 4/17/96), 673 So.2d 262, 266 (citing State v. Johnson, 220 La. 64, 68, 55 So.2d 782, 783-84 (1951)).
A claim that a sentence is illegal is primarily restricted to those instances in which the term of the prisoner’s sentence is not authorized by the statute or statutes which govern the penalty authorized for the crime for which the prisoner has been convicted.[2] See State v. Alexander, 14-0401, p. 1 (La.11/7/14), 152 So.3d 137, 137 (per curiam) (citing State v. Parker, 98-0256, p. 1 (La.5/8/98), 711 So.2d 694, 695 (per curiam)) (“[U]nless a pleading captioned as a motion to correct illegal sentence ‘points to a claimed illegal term in the petitioner’s sentence,’ it is not cognizable under [Article] 882.”) (punctuation omitted). See also State v. Perkins, 08-0078, p. 14 (La.App. 4 Cir. 6/25/08), 988 So.2d 793, 802.[3] Thus, a sentence is illegal when its duration falls outside of the statutorily-provided sentencing limits for the offense of which the prisoner has been convicted. See La.C.Cr.P. art. 881.2 A(l). See, e.g., State v. Williams, 12-1092, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 702, 704; State v. Hunter, 02-2742, pp. 2-3 (La.App. 4 Cir. 2/19/03), 841 So.2d 42, 43; State v. LeBlanc, 14-0163 (La.1/9/15), 156 So.3d 1168,1170 (per curiam).
In contrast, an excessive sentence, that is a sentence which falls within the sentencing limits but nonetheless violates the Louisiana Constitution, see La. Const, art. I, § 20; State v. Dorthey, 623 So.2d 1276 (La.1993), is not an illegal sentence for the purposes of obtaining relief under Article 882. See Perkins, 08-0078, p. 12, 988 So.2d at 800-01.
Determining whether the sentence that a prisoner is serving is an illegal sentence is a straightforward exercise. The statutorily-provided limits on the sentence are determined by examining the law in effect on the date the commission of the offense of which the prisoner was convicted. See State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520; State v. Parker, 03-0924, pp. 9-10 (La.4/14/04), 871 So.2d 317, 322 (defendant’s status as a habitual offender is determined as of the date that he commits the charged crime).[4] Thus the version of the penalty in the violated statute as well as the versions of any statutes that |senhance that penalty in effect on the date of the commission of the *1048 prisoner’s offense control the determination of the limits on the penalty.
Ill
For the purposes of considering Mr. Mead’s motion under Article 882, we first look to the date of the commission of his offense — October 5, 1997. We then review the version of the statute prohibiting possession of between 28 grams and 200 grams of cocaine in effect on that date. The penalty for possessing that amount of cocaine on that date was a sentence of a term of imprisonment “at hard labor of not less than ten years, nor more than sixty years, and ... a fíne of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.” La R.S. 40:967 F(l)(a) (West 1997).[5]
We next consider the version of the Habitual Offender Law in effect on October 5, 1997. The multiple bill charging Mr. Mead as a recidivist alleged two predicate felony offenses, both for simple possession of cocaine. On October 5, 1997, the pertinent penalty provision of the Habitual Offender Law, in relevant part, read as follows: “If the third felony or either of the two prior felonies is a felony defined ... as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years ..., the person shall be imprisoned for the remainder of his natural life, without benefit of parole, | (¡probation, or suspension of sentence.” La. R.S. 15:529.1 A(l)(b)(ii) (West 1997) (emphasis added).[6]
With regard to the two predicate offenses alleged in the multiple bill, the first conviction was for an offense committed on February 6, 1992 and the second for an offense committed on April 7, 1993. At the time of the commission of these predicate offenses, the penalty was a term of imprisonment “with or without hard labor for not more than five years and, in addition, ... a fine of not more than five thousand dollars.” La. R.S. 40:967 C(3). Thus, there is no doubt that the two predicate offenses are felony offenses, and not misdemeanors, as each permitted the imposition of a sentence at hard labor as a result of a conviction. See La. R.S. 14:2 A(4) (A “felony” is “any crime for which an offender may be sentenced to death or imprisonment at hard labor”) (emphasis added); La. R.S. 14:2 A(6) (A “misdemean- or” is “any crime other than a felony”).[7]
Thus, clearly, the Habitual Offender Law, at the time of the commission of his offense, provided for only one permissible sentence — life imprisonment 'without the benefit of parole, probation, or suspension of sentence — the exact sentence given to Mr. Mead.[8] Therefore, because the sentence imposed upon Mr. Mead was authorized by the applicable statutes, his sentence does not contain an |7illegal term. The life-without-parole sentence is a legal *1049 sentence, and the trial judge correctly denied his motion.
IY
Even though we have concluded as a matter of law that the trial judge’s ruling denying Mr. Mead’s motion is correct, we nevertheless in this Part address the specific claim of illegality as raised by Mr. Mead.
The substance of Mr. Mead’s claim is that his life-without-parole sentence is “illegal” because the State imper-missibly used two predicate convictions in his multiple bill without satisfying the requirement that he had been Boykinized at the time his guilty pleas were entered. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 103-04, 255 So.2d 85, 90 (1971). Thus he claims that the predicate convictions were unconstitutionally obtained.
But, in making this claim, Mr. Mead overlooks the specific provision of the Habitual Offender Law in effect at the time of his sentencing: “A person claiming that a conviction ... alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information.” La. R.S. 15:529.1 D(l)(b) (West 1997).[9] Mr. Mead failed to make any such claim or set forth the factual basis therefor prior to his hearing under the Habitual Offender |sLaw. As such, any challenge to a previous conviction not made before sentence was imposed may not thereafter be raised to attack the sentence.
We distinguish Mr. Mead’s claim that the predicate convictions used in his multiple bill were invalid and thus the resulting sentence is “illegal” from the circumstance in which the predicate offense is a constitutionally valid conviction but nonetheless ineligible for use as a predicate offense under the Habitual Offender Law. By way of illustration, a resulting sentence may be illegal when a misdemeanor is improperly counted as a predicate felony when enhancing a defendant’s sentence under the Habitual Offender Law. See State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982). See also State v. Reed, 11-1026 (La.App. 4 Cir. 11/30/11), 79 So.3d 492. The term of that sentence under the Habitual Offender Law, however, must be rendered illegal after that valid but improperly-counted misdemeanor is no longer included. See State ex rel. Carthan v. State, 10-2199 (La.10/7/11), 71 So.3d 299.[10] A prisoner, to establish this claim, must first show that an offense was improperly counted as a predicate felony and then show that, as a result of not counting that prior offense, the resulting term of his sentence is illegal.
By failing to properly and timely object to the validity of the predicate convictions, Mr. Mead waived that claim.[11] And, in any event, such a claim does not state a ground for relief under Article 882.
[[Image here]]
Before denying Mr. Mead any relief, however, we deem it appropriate to consid *1050 er whether he might nonetheless be entitled to any remedy if his motion was construed as an application for post-conviction relief. See La.C.Cr.P. arts. 924 et seq.;[12] State v. Humphrey, 13-0481, p. 1 (La.11/8/13), 126 So.3d 1280, 1280 (per curiam) (“Because the motion did not point to a claimed illegal term in the sentence, it presented a claim properly cognizable in an application for post-conviction relief, if at all”) (emphasis added). See, e.g., Alexander, 14-0401, p. 1, 152 So.3d at 137; Williams, 12-1092, pp. 2-3, 115 So.3d at 704. Mr. Mead, as previously mentioned, sought relief by claiming that the district attorney failed to introduce sufficient evidence to prove that his guilty pleas to predicate offenses were constitutionally-taken. After construing this motion as a PCR application, we conclude that we cannot grant him any relief because his claim would be time-barred and the ground he urged for relief is not cognizable.
A
An application for post-conviction relief will ordinarily not be considered if it is filed more than two years after a defendant’s conviction and sentence become final. See La.C.Cr.P. art. 930.8 A. See also La.C.Cr.P. arts. 914; 922. This limitations period prohibits certain claims in untimely applications for post-conviction relief from being considered. See State v. Lewis, 11-1607 (La.8/8/11), 67 So.3d 1236; State v. Kenniston, 07-0849, p. 8 (La.App. 4 Cir. 1/16/08), 976 So.2d 226, 230 n. 6. See also State v. Brumfield, 13-2390, p. 3 (La.11/14/14), 152 So.3d 870, 871 (per curiam) (citing State ex rel. Rushing v. Whitley, 93-2722 (La.11/13/95), 662 So.2d 464) (noting that the limitations period set forth in Article 930.8 does not start over upon re-sentencing).
Mr. Mead’s conviction and sentence became final when the Supreme Court denied his writ application on September 21, 2001. See La.C.Cr.P. art. 922 D; State v. Mead, 99-2686 (La.App. 4 Cir. 9/27/00), 771 So.2d 329, writ denied, 01-0261 (La.9/21/01), 797 So.2d 72. Thus, Mr. Mead could file his application for post-conviction relief until September 21, 2003. Mr. Mead filed this application on July 18, 2014, more than ten years too late.[13] Mr. Mead’s claims, therefore, were not timely-filed.
B
An “application for post-conviction relief’ means “a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside.” La.C.Cr.P. art. 924(1). An application for post-conviction relief will not be considered if the petitioner may still appeal his conviction and sentence or if an appeal is pending. See La.C.Cr.P. art. 924.1. These applications are “not designed to take the place of an appeal” and require the defendant to “first exhaust whatever appellate rights he has.” La. C.Cr.P. art. 924.1 cmt.
|nA prisoner filing an application for post-conviction relief must prove that he is entitled to the relief in question. See La.C.Cr.P. art. 930.2. His application for post-conviction relief should include a “statement of the grounds upon which re *1051 lief is sought, specifying with reasonable particularity the factual basis for such relief.” La.C.Cr.P. art. 926 B(3). This requires a prisoner to explain the relief desired and his reasons justifying that relief be granted. A prisoner should include as many facts as possible when writing his application to explain what happened.
Article 930.3 lists all of the possible grounds for granting post-conviction relief. See State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172 (per curiam). Importantly, those grounds do not include “review of claims of exces-siveness or other sentencing error post-conviction.” Melinie, 93-1380, 665 So.2d 1172 (emphasis added). See also LeBlanc, 14-0163, p. 3, 156 So.3d at 1169-1170; Hunter, 02-2742, p. 3, 841 So.2d at 44. Errors at an habitual offender hearing are claims of sentencing error that cannot be reviewed in applications for post-conviction relief. See Alexander, 14-0401, p. 2, 152 So.3d at 137-38 (quoting State v. Cotton, 09-2397, p. 2 (La.10/15/10), 45 So.3d 1030, 1030 (per curiam)) (punctuation omitted). See also State v. Daniels, 00-3369 (La.11/2/01), 800 So.2d 770 (per curiam); Cotton, 09-2397, p. 1, 45 So.3d at 1030 (An “habitual offender adjudication does not pronounce a separate conviction or institute a separate criminal proceeding, but instead only addresses itself to the sentencing powers of the trial judge after conviction ...”) (punctuation omitted).
haMr. Mead’s motion, construed as an application for post-conviction relief, fails to raise claims that we can consider. See, e.g., State v. Hebreard, 98-0385 (La.App. 4 Cir. 3/25/98), 708 So.2d 1291 (holding that a defendant’s claim challenging his multiple offender adjudication by asserting that the district attorney provided insufficient evidence of his Boykin waiver was not entitled to be heard on post-conviction relief).
VI
As a result of our review of Mr. Mead’s sentencing circumstances, it appears to us that, even though he cannot receive any relief from his sentence in the courts, he may be eligible to apply to the Committee on Parole for a recommendation to the Board of Pardons to ameliorate the term of his life-without-parole sentence. See La. R.S. 15:308 B, C; La. R.S. 15:574.2 I; La. Admin. Code 22:XI:801 et seq.
CONCLUSION
Because the penalty of life-without-parole is statutorily authorized in Mr. Mead’s case as a third-felony offender, his sentence is not illegal. His claim about the use of constitutionally invalid convictions as predicate convictions under the Habitual Offender Law was waived. His motion to vacate illegal sentence, if construed as an application for post-conviction relief, is time-barred and fails to raise a claim upon which relief from his sentence can be granted. The trial judge correctly denied the motion.
11?,DECREE
We grant Alvin Mead’s application for a supervisory writ, but deny the relief sought by him in his motion to vacate illegal sentence. Because the trial court’s ruling denying the motion was correctly decided, we affirm it.
WRIT GRANTED; AFFIRMED

. See La.C.Cr.P. art. 934 (noting that the use of the term "indictment” in the Code of Criminal Procedure includes prosecutions instituted by bill of information and indictment).

. A sentence may also be illegal because it is indeterminate. See La.C.Cr.P. art. 879 ("If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.”). This circumstance typically arises when a defendant is convicted of multiple counts but fails to receive a sentence as to each count. See, e.g., State v. Williams, 12-0050, p. 8 (La.App. 4 Cir. 1/16/13), 108 So.3d 319, 326; State v. Patterson, 384 So.2d 790, 791 (La.1980) (per curiam).

. As Article 882 "is based, in part, on F.R.C.P. Rule 35, federal decisions interpreting Rule 35 [also] provide guidance....” Perkins, 08-0078, p. 12, 988 So.2d at 800-01.

. The fact that a law may change after the commission of the crime to lower the possible penalty "does not extinguish liability for the offense committed under the former statute.” Sugasti, 01-3407, p. 5, 820 So.2d at 520.

. La. R.S. 40:967 F(l)(a) now reads, in relevant part: “Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine ... shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.”

. La. R.S. 15:529.1 now reads in relevant part: "If the third felony and the two prior felonies are felonies defined ... as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, ... the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.” La. R.S. 15:529.1 A(3)(b) (emphasis added).

. These definitions remain unchanged to this date.

. This sentence is determinate under Article 879. See n. 2, ante.

. The only amendments to this section of the Habitual Offender Law dealt with the removal from consideration of prior adjudications of delinquency in juvenile court when enhancing an offender’s sentence.

. Similarly, a valid but excludable felony under La. R.S. 15:529.1 C (ten-year cleansing period) may not be subject to a contemporaneous objection at the time of sentencing. Cf. State v. Moore, 14-1282 (La.3/27/15), 164 So.3d 186.

.Notably, even if the claim had been properly raised at the time of sentencing, the sole remedy from an adverse ruling would be on direct appeal of the sentence. See Part V-B, post.

. The district attorney argued in his opposition to Mr. Mead's application for supervisory relief that Mr. Mead’s motion to vacate illegal sentence was a disguised application for post-conviction relief. Mr. Mead, in his reply to the district attorney’s opposition, insisted that he was not seeking post-conviction relief.

. There are exceptions to the two-year time-bar. See La.C.Cr.P. art. 930.8 A(l-4). Mr. Mead’s motion/application, however, has not implicated any of those exceptions.