PER CURIAM.
| denied. Relator does not identify an illegal term in his sentence, and therefore, his filing is properly construed as an application for post-conviction relief. See State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694. Relator’s sentencing claim is not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030. We attach hereto and make a part hereof the Fourth Circuit’s written reasons granting writs and affirming the trial court’s ruling.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive things mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final, Hereafter, unless he can 12show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
_k
APPENDIX
NO.2015-K-0076
COURT OF APPEAL, FOURTH CIRCUIT
STATE OF LOUISIANA
STATE OF LOUISIANA *730 VERSUS OLAJUAWON NICHOLAS
IN RE: OLAJUAWON NICHOLAS
APPLYING FOR: SUPERVISORY WRIT
DIRECTED TO: HONORABLE BENEDICT J. WILLARD
CRIMINAL DISTRICT COURT ORLEANS PARISH SECTION “C”, 509-090
WRIT GRANTED; RULING AFFIRMED
Olajuawon Nicholas, a prisoner of the Department of Corrections at Tallulah, filed in the. district court a “motion to quash habitual offender’s bill of information, habitual adjudication and vacate and/or correct an illegal sentence.” On October 7, 2014, the district judge denied that motion. Mr. Nicholas then sought our supervisory review.
Because we were concerned by Mr. Nicholas’s allegation that he did not understand that, by his counsel’s and the court’s references to “double and eight,” he was not only pleading guilty to the two underlying charges in the bill of information, as amended by the district attorney, but was also admitting that he was a recidivist under the Habitual Offender Law, we requested a response from |athe district attorney and required that a certified copy of!the district court’s record, including the transcript of the guilty plea colloquy and multiple bill proceedings, be filed here.
We grant the application, but, following our de novo review based upon the entire record, find that the district judge correctly denied Mr. Nicholas’s motion. We accordingly affirm the ruling. We explain our decision below.
I
We first consider the claim that the eight-year sentence imposed upon Mr. Nicholas is illegal. On March 6, 2012, the district attorney amended the two counts of the bill of information as part of an agreement with Mr. Nicholas. The resulting two-count bill charged Mr. Nicholas with (1) possession of heroin, a Schedule I narcotic drug,[1] and (2) posséssion of BZP, a. Schedule I non-narcotic drug. The maximum sentence for possession of heroin is a term of imprisonment of ten years, see La. R.S. 40:966 G(1) (West 2011), as is the maximum penalty for possession of BZP. See ’ La. R.S. 40:966 C(8) (West 2011).[2] Upon Mr. Nicholas’s guilty pleas, the trial judge sentenced him to an eight-year term of imprisonment for possession of heroin and a five-year term for possession of BZP, The terms of these sentences were then ordered to run concurrently.
The district attorney then filed a multiple bill of information, charging Mr: Nicholas as a second-fefelony offender with the *731 conviction for heroin possession as the underlying offense and a 2007 felony conviction for possession of cocaine as the predicate offense. The sentencing range faced by-Mr. Nicholas as a second-felony offender was a term of imprisonment of five to twenty years. See La. R.S. 15:529.1 A(1) (West 2011); 40:966 C(1) (West 2011).[3] Upon Mr. Nicholas’s ádmission, the trial judge vacated his original sentence and imposed a sentence under the Habitual Offender Law of eight years. The term of that sentence was also ordered to run concurrently with the five-year sentence for possession of BZP.
A sentence is illegal when its duration falls outside of the statutorily-provided sentencing limits for the offense of which the prisoner has been convicted. See La.C.Cr.P. art. 881.2 A(1). See, e.g., State v. Williams, 12-1092, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 702, 704; State v. LeBlanc, 14-0163, p. 2 (La.1/9/15), 156 So.3d 1168, 1170 (per curiam). Thus, because the term of Mr, Nicholas’s sentence imposed under the Habitual Offender Law is within the authorized statutory range, it is a legal sentence.
II
We next consider whether Mr. Nicholas is entitled to post-conviction relief. Because Mr. Nicholas’s sentence is not illegal, we construe his filing in the district court as an application for post-conviction relief. See State v. Humphrey, 13-0481, p. 1 (La.11/8/13), 126 So.3d 1280, 1280 (per curiam) ("Because the motion did not point to a claimed illegal term in the sentence, it presented a claim properly cognizable in an application for post-conviction relief, if at all.”); State ex rel. Burger v. State, 94-1578 (La.11/3/95), 661 So.2d 1373 (noting that-issues improperly raised under a motion to correct an illegal sentence' may form the proper basis for an application for post-conviction relief). See, e.g., State v. Johnson, 11-1490 (La.3/2/12), 84 So.3d 540; State v. Alexander, 14-0401, p. 1 (La.11/7/14), 152 So.3d 137, 137 (per curiam); State v. Lewis, 11-1607 (La.8/8/11), 67 So.3d 1236; Williams, 12-1092, p. 2, 115 So.3d at 704.
|4We note that, as. a PCR application, Mr. Nicholas’s filing was. .timely. Mr. Nicholas entered his guilty pleas on March 6, 2012. Because Mr. Nicholas did not file a inotion to reconsider his sentence or file an appeal, his convictions became final thirty days after March 6, 2012, or on April 5, 2012. See La.C.Cr.P. art. 914 B, Mr. Nicholas filed this motion on October 12, 2012 — clearly within the two-year time limitations period for such'filings. See La.C.Cr.P. art. 980.8 A.
Mr. Nicholas claims that the trial judge’s colloquy with him regarding his 2007 conviction for possession of cocaine did not satisfy the requirements of La. R.S. 15:529.1 D(1)(a) arid, as a result, he did not understand that he was admitting his status as a secorid-felony offender. Mr. Nicholas specifically argues that his lawyer’s and the trial judge’s use of “double and eight” to describe the parameters of his plea agreement was' misleading. As already noted, this allegation caused us to examine-the circumstances of Mr. Nicholas’s - guilty plea and- adjudication as a second-felony offender more closely. After our review of the transcript of the guilty plea and the ensuing multiple bill proceedings as well as the written waiver of rights with respect to the multiple bill, we are fully satisfied that Mr. Nicholas *732 was sufficiently informed of the Habitual Offender proceedings, clearly understood that he was admitting to being a second-felony offender, and, just as importantly, acknowledged his consent to a sentence of eight years being imposed upon him pursuant to a plea agreement.-
But, more importantly for the purposes of post-conviction relief, the claims which Mr. Nicholas raises’ about alleged deficiencies in his multiple bill proceedings are not grounds on which to challenge his continued confinement. La.C.Cr.P. art. 930.3 lists all of the possible grounds for granting post-conviction relief. See State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172 (per curiam). Those grounds do not include “review of claims of exces-siveness or other sentencing error post-conviction.” Melinie, 93-1380, 665 So.2d at 1172 (emphasis added). See also LeBlanc, 14-0163, p. 2, 156 So.3d at 1170; State v. Hunter, 02-2742, p. 3 (La.App. 4 Cir. 2/19/03), 841 So.2d 42, 44. Errors at a habitual offender hearing are claims of sentencing error that cannot be reviewed in applications for post-conviction relief. See Alexander, 14-0401, p. 2, 152 So.3d at 137-38 (quoting State v. Cotton, 09-2397, p. 2 (La.10/15/10), 45 So.3d 1030, 1030 (per curiam)) (punctuation omitted). See also State v. Daniels, 00—3369, p. 1 (La.11/2/01), 800 So.2d 770, 771 (per curiam); Cotton, 09-2397, p. 1, 45 So.3d at 1030 (An “habitual offender adjudication does not pronounce a separate conviction or institute a separate criminal- proceeding, but instead only addresses itself to the sentencing powers of the trial judge after conviction ,.. ”) (punctuation omitted).
Thus, Mr. Nicholas’s motion, construed as an application for post-conviction relief, fails to raise claims that we can consider. See, e.g., State v. Hebreard, 98-0385 (La.App. 4 Cir. 3/25/98), 708 So.2d 1291 (holding that a defendant’s claim challenging his multiple offender adjudication by asserting that the district attorney provided insufficient. evidence of his Boykin waiver was not entitled to be heard on post-conviction relief).
Ill
Because Mr.-Nicholas failed to'demonstrate that his multiple offender sentence is illegal and failed to set forth a ground for post-conviction relief, the trial judge correctly' denied the motion. We affirm the ruling.
InNew Orleans, Louisiana this 23rd day of April, 2015.
/s/ Paul A. Bonin
JUDGE PAUL A. BONIN
/s/ Roland L. Belsome
JUDGE ROLAND L. BELSOME
/s/ Sandra Cabrina Jenkins
JUDGE SANDRA CABRINA JENKINS

. The bill of information was not facially amended by the district attorney for this charge to conform to Mr. Nicholas's guilly plea and instead states that Mr, Nicholas continued to be charged with' possession, of heroin with the intent to distribute. Mr. Nicholas pled guilty to the lesser-included offense of simple possession of heroin. See La.C.Cr.P, arts. 558; 814 A(47). The trial judge noted the amendment to the simple possession charge while taking Mr. Nicholas's guilty pleas and was not without jurisdiction to accept that plea. See State v. Jackson, 04-2863, pp. 14-15 (La.11/29/05), 916 So.2d 1015, 1023.

, The statutorily-provided limits on Mr. Nicholas's sentences are determined by examining the law in effect on the date of the commission of the offenses of which Mr. Nicholas Was convicted. See State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520. Here, Mr. Nicholas was charged by bill of information with committing these offenses on October 2, 2011.

. See State v. Parker, 03-0924, pp. 9-10 (La.4/14/04), 871 So.2d 317, 322 (defendant’s status as a habitual offender is also deter'mined as of the date that he commits the charged crime).