# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

TREVOR DUNCAN

NO. 2020 KW 0883

**NOVEMBER 19, 2020**

In Re:    Trevor Duncan, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 605022.

**BEFORE:    McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**WRIT DENIED.** Relator's arguments in the motion to correct an illegal sentence do not relate to the legality of his sentence itself under the applicable statute; and, thus, the issues may not be raised in a motion to correct an illegal sentence. See **State v. Parker**, 98-0256 (La. 5/8/98), 711 So.2d 694, 695 (per curiam); **State v. Gedric**, 99-1213 (La. App. 1st Cir. 6/3/99), 741 So.2d 849, 851-52 (per curiam), writ denied, 99-1830 (La. 11/5/99), 751 So.2d 239. Moreover, any claims relator has regarding his conviction should be raised in a properly filed application for postconviction relief. See La. Code Crim. P. art. 924, et seq. However, it is noted that relator's claims regarding his habitual offender adjudication and excessive sentence are not grounds upon which postconviction relief may be based. See La. Code Crim. P. art. 930.3; see also **State ex rel. Melinie v. State**, 93-1380 (La. 1/12/96), 665 So.2d 1172 (per curiam); **State v. Hebreard**, 98-0385 (La. App. 4th Cir. 3/25/98), 708 So.2d 1291. The proper manner to attack the allegations of a habitual offender bill is in a written response filed after the filing of the habitual offender petition. See La. R.S. 15:529.1(D)(1)(b).

**JMM**
**GH**
**AHP**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT