STATE OF LOUISIANA      *      NO. 2023-K-0396

VERSUS      *

                **COURT OF APPEAL**

KYRON THEOPHILE      *

                **FOURTH CIRCUIT**

     *

                **STATE OF LOUISIANA**

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 528-690, SECTION G
Judge Nandi Campbell,
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
Orleans Parish District Attorney's Office
619 South White Street
New Orleans, Louisiana 70119

     COUNSEL FOR RELATOR / STATE OF LOUISIANA

Kevin Boshea
ATTORNEY AT LAW
2955 Ridgelake Drive, Suite 207
Metairie, Louisiana 70002

     COUNSEL FOR RESPONDENT / DEFENDANT

            **WRIT GRANTED; VACATED AND REMANDED**

               **JULY 21, 2023**

The State of Louisiana seeks review of the district court's May 23, 2023 judgment, granting post-conviction relief to defendant, following a hearing ordered by this Court in a prior writ opinion, *State v. Theophile*, 22-0659 (La. App. 4 Cir. 11/3/22), *unpub'd*.  In that prior writ, defendant sought review of the district court's denial of his application for post-conviction relief, which raised two claims. This Court granted, in part, defendant's writ, finding that as to his claim of ineffective assistance of trial counsel, there remained a question as to whether defendant should have been given the opportunity to withdraw his guilty plea. *Theophile*, 22-0659, p. 4.  Consequently, this Court "grant[ed] the writ for the limited purpose of remanding the case to the District Court and order[ed] that it conduct a hearing on whether relator's [trial] counsel rendered ineffective assistance by failing to file a motion to withdraw relator's guilty [plea] once relator violated the terms of the negotiated plea bargain."  *Id*.  From our review of the hearing held on remand from this Court, we find that the district court failed to

1

comply with this Court's order and erred in its judgment granting defendant post-conviction relief. For the reasons that follow, we grant the State's writ, vacate and set aside the trial court's May 23, 2023 judgment, and remand this matter to the district court with further orders.

**PROCEDURAL BACKGROUND**

The matter before this Court concerns defendant's post-conviction application in which he sought relief from the life sentence imposed after being adjudicated a third felony offender, in November 2018. In his counseled post-conviction application, defendant raised a claim of ineffective assistance of trial counsel due to the failure to file a motion to withdraw defendant's July 2016 guilty plea. To expound this claim, we review the procedural history of defendant's case, as stated by this Court in his direct appeal of the multiple bill adjudication and life sentence, as follows:

> On July 25, 2016, Defendant pleaded guilty to domestic abuse battery involving strangulation in exchange for a sentence of three years. The trial court accepted Defendant's guilty plea and agreed, because Defendant's loved one was expecting to give birth on or about September 3, 2016, to postpone sentencing Defendant until September 12, 2016. However, the trial court warned that there would be dire consequences should Defendant fail to appear for sentencing. The trial court informed Defendant that a capias would be ordered for Defendant's arrest and he would face the prospect of having the State file a multiple bill against him.
>
> On September 12, 2016, Defendant failed to appear for sentencing and the trial court continued the matter until September 19, 2016, again warning that Defendant's failure to appear on that date would result in the issuance of a capias for his arrest and a recommendation to the State "that they proceed with a multiple bill proceeding."
>
> Defendant once again failed to appear for court on September 19, 2016. In response, the trial court issued a capias for his arrest and

2

the State announced that Defendant was "eligible for a multiple bill." In an unrelated matter, during the time period in which Defendant failed to appear for sentencing, a warrant was issued for his arrest on a separate charge of second-degree murder.

Defendant was arrested on December 23, 2016, on the trial court's capias, as well as, on the second degree murder warrant. On March 14, 2017, Defendant appeared for sentencing and the trial court sentenced Defendant to three years incarceration in accordance with the original plea agreement. Despite Defendant's failure to appear in court on September 12, 2016, and later, on September 19, 2016, the prosecution, at that point, agreed not to charge Defendant as a recidivist.

On September 13, 2017, the State filed a multiple bill of information alleging that Defendant was a quadruple felony offender. A multiple bill hearing was conducted. At the hearing, the prosecutor stated that at the time he agreed not to multiple bill Defendant, back on March 14, 2017, he "was unaware that [Defendant] had a pending murder charge." Specifically, the prosecutor explained:

> So Mr. Theophile, you attempted a plea agreement of no-bill and [three] years. I was unaware that you had been arrested for murder with a murder charge and it's currently pending in Section "F". The State alleg[es] that that's a breach of our plea agreement and therefore, I'm filing a multiple bill against you.

Thereafter, Defendant filed a motion to quash the multiple bill; after a hearing, the trial court denied the motion. Defendant's writ application was denied by this Court. *State v. Theophile*, 2018-0679 (La. App. 4 Cir. 9/14/18) *unpub'd*. Following this Court's ruling, a multiple bill hearing was scheduled to proceed on October 15, 2018. At the multiple bill hearing, there was a delay in proceedings due to Defendant's consultation with his attorney about whether to accept a plea deal offered by the State. The State explained that the proposed plea agreement would be that Defendant plead guilty to being a quadruple offender and in exchange he would receive a sentence of twenty-five years and that plea would be conditioned on Defendant also entering a plea to twenty-five years on the charges pending in Section "F". The State explained:

> THE STATE:
> And to be clear, Judge. The sentence would be 25 years as a multiple offender.... [T]his plea is conditioned on him entering the same plea in all of his other cases in Section "F" to run concurrently.

THE COURT:
Those are the new charges that the gentleman has?

THE STATE:
[H]is homicide....

THE COURT:
But he would receive a 25 year sentence there because you would reduce it to manslaughter?

THE STATE:
Correct. That is the conditions of the State's plea.

Defendant ultimately accepted the conditions of the aforementioned plea agreement. The trial court then informed Defendant that by pleading guilty he was waiving his right to proceed to trial and all the privileges associated therewith, such as the right to remain silent and the right to have the State prove that he was the same person convicted of the prior offenses. The trial court specifically noted that in pleading guilty, Defendant was also agreeing to plead guilty to a manslaughter charge in Section "F," which would include a concurrent sentence of twenty-five years.

Next, the trial court reviewed the convictions that comprised the multiple bill to which defendant was pleading guilty: 1) 528-690 - domestic abuse battery involving strangulation; 2) 512-702 - possession of contraband in a penal institution; 3) 479-964 - aggravated assault with a firearm; 4) 449-707 - possession of heroin. Thereafter, the plea of guilty to the multiple bill was signed by Defendant, his attorney and the judge. The trial court sentenced Defendant to a term of twenty-five years in the care and custody of the Department of Corrections as a fourth offender pursuant to La. R. S. 15:529.1.

On October 31, 2018, the State filed a multiple bill against Defendant, seeking a life sentence. That multiple bill was prompted by Defendant's refusal to plead guilty to the charge of manslaughter in Section "F", thereby reneging on the October 15, 2018 twenty-five-year plea agreement. The new multiple bill charged that Defendant pled guilty to the following offenses: 1) 528-690 - domestic abuse battery involving strangulation; 2) 479-694 - aggravated assault with a firearm; 3) 449-707 - aggravated assault with a firearm.

During the October 31, 2018 multiple bill proceeding, the trial court asked Defendant if he was still interested in trying to obtain a twenty-five-year plea deal. Defendant refused to respond to the inquiry, instead he sought a fifteen-day delay to object to the multiple bill filed against him by filing a motion to quash. The trial court

4

granted Defendant the fifteen-day delay, resetting the matter for hearing on November 19, 2018.

In Defendant's motion to quash the multiple bill, he claimed that the State was using the new multiple bill as selective enforcement to have Defendant plead guilty to the pending murder charge. The State responded by describing Defendant as "extremely violent" and went through several violent crimes that Defendant had committed, . . . .

After hearing arguments from both sides, the trial court denied Defendant's motion to quash and vacated the October 15, 2018 twenty-five-year sentence. The court then reviewed Defendant's prior actions that had precipitated the court's order vacating the twenty-five-year sentence.

> [T]he Court notes for the record that the Defendant stood before this Court and he indicated that he would enter a plea of guilty to the multiple bill that would not expose him to life imprisonment and that ... [a] multiple bill of information was duly filed and the sentence that was agreed to would be twenty five years. There was a condition attached thereto, the condition was his plea of guilty would also be entered in the days that followed ... before her, Honor Judge Robin Pittman [Section "F"] for the crime of manslaughter.... It was further agreed that his sentence there would run concurrently with the twenty-five-year sentence that this Court imposed. Upon this Court's return for the second appointment as the Ad Hoc Judge here ... the Court was formally notified by all parties that ... Mr. Theophile had not carried through on the commitment that he had made and that this additional proceeding would indeed be necessary from the State's prospective.

*    *    *

After it was established that Defendant was the same person who had been convicted on two separate charges of aggravated assault with a firearm and domestic abuse battery involving strangulation, the trial court went through the history of the case noting that Defendant faced a life sentence because his earlier, twenty-five-year sentence "has now been rescinded when the gentleman did not follow through and also entered [sic] a plea of guilty before Your Honor Judge Pittman for the crime of manslaughter...." Thereafter, Defendant argued that domestic abuse battery involving strangulation is not an enumerated crime of violence under La. R.S. 14:2(B) and therefore, should not be considered a crime of violence for purposes of La. R.S. 15:529.1. The trial court noted Defendant's argument, but rejected it.

5

* * *

Thereafter, the trial court, having earlier vacated Defendant's twenty-five-year sentence, proceeded to find Defendant to be a third felony offender with three crimes of violence, mandating a sentence of life imprisonment.

*State v. Theophile*, 19-0467, pp. 1-7 (La. App. 4 Cir. 12/11/19), 287 So.3d 53, 56-59, *writ denied*, 20-00075 (La. 11/10/20), 303 So.3d 1047.

In the direct appeal of his life sentence, defendant argued that once the district court accepted his October 15, 2018 guilty plea and sentenced him to 25 years as a quadruple offender, then the State had no authority to file a second multiple bill seeking a mandatory life sentence. In addition, he argued that the October 15, 2018 plea agreement was binding but that he did not understand the condition to plead guilty in Section "F" as a required part of receiving the 25-year sentence. This Court reviewed and rejected both arguments, and, after finding no merit in his remaining claims, affirmed defendant's life sentence. *Theophile*, 19-0467, pp. 9-10, 17, 287 So.3d at 61, 64.

Following his direct appeal, defendant filed a counseled application for post-conviction relief. In one of the two claims raised by defendant, he argued ineffective assistance of trial counsel due to the failure to file a motion to withdraw defendant's guilty plea when the State filed the second multiple bill.[1] On September 6, 2022, the district court issued a judgment denying the application for

---

[1] In defendant's application, when identifying the "lawyer representing you at your plea", defendant named the two attorneys who represented him over the history of his case: Mr. Thomas Shlosman and Mr. Leon Roche. Defendant also listed both attorneys as witnesses who could testify in support of his claim[s]. However, defendant did not state the relevant dates of each attorney's representation of him, and defendant identified only Mr. Shlosman as his "lawyer at trial".

post-conviction relief. Defendant then filed the prior writ, mentioned at the beginning of this opinion.

As stated previously, this Court granted defendant's writ, in part, and remanded the matter to the district court with instructions "that it conduct a hearing on whether relator's [trial] counsel rendered ineffective assistance by failing to file a motion to withdraw relator's guilty [plea] once relator violated the terms of the negotiated plea bargain." *Theophile*, 22-0659 (La. App. 4 Cir. 11/3/22), *unpub'd*. Restated, this Court ordered the district court to determine whether trial counsel, who represented defendant at the time he violated the October 15, 2018 plea agreement (thereby resulting in the State filing a second multiple bill), rendered ineffective assistance by failing to file a motion to withdraw defendant's July 2016 guilty plea, to the charge of domestic abuse battery by strangulation, which was used to adjudicate defendant as a multiple offender.

Pursuant to this Court's limited remand, the district court conducted a hearing on April 25, 2023. At this hearing, the trial court only heard testimony from Mr. Shlosman, who represented defendant when he pled guilty to domestic abuse battery involving strangulation on July 25, 2016. Mr. Shlosman testified that he withdrew from defendant's case on May 3, 2018, before the October 15, 2018 plea agreement at issue took place. Notably, no testimony was attained from Mr. Roche, the attorney who represented defendant during the October 15, 2018 negotiated plea agreement and at the time when defendant violated the specific condition of that plea agreement by refusing to plead guilty in Section "F" to the charge of manslaughter.

7

At the conclusion of the hearing, the district court took the matter under advisement. In its May 23, 2023 written judgment, the district court found no ineffective assistance of counsel rendered by Mr. Shlosman. Then, the district court granted post-conviction relief to defendant based on its own finding of ineffective assistance of appellate counsel. The district court vacated defendant's sentence and resentenced him to three years "pursuant to the July 25, 2016 plea agreement."

The State's timely writ seeking review of the district court's judgment follows.

**DISCUSSION**

The State argues that the district court erred in granting defendant post-conviction relief on a claim he did not raise in his application. We agree. From our review, we find, first, that the district court failed to comply with this Court's November 3, 2022 remand order. We further find that the district court erred in its reasoning and conclusion.

As stated previously, at the hearing on remand, the district court did not hear any testimony from Mr. Roche, the attorney who represented defendant at the time he violated the October 15, 2018 negotiated plea agreement. Rather, the district court noted, in its reasons for judgment, that the defendant's post-conviction counsel interpreted this Court's remand to involve a determination regarding Mr. Shlosman's representation of defendant. The district court then discussed its reasons for finding that defendant failed to prove that Mr. Shlosman's assistance of counsel was deficient under the *Strickland* test.[2] In making this finding, the district

---

[2] In reviewing a claim of ineffective assistance of counsel, a district court applies the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),

court clearly acknowledged that "grounds for withdrawing [defendant's] guilty plea did not exist until several months after . . . Mr. Shlosman had secured a generous sentence [the March 14, 2017 sentencing to 3 years] and implicitly withdrawn from the case". But, the district court failed to make any inquiry into Mr. Roche's performance, neither seeking to hear testimony from him at the hearing or noting in its judgment the defense's failure to call him as a witness.

The district court's judgment then went well beyond this Court's limited remand order. The district court determined from its own "review of the facts and appellate record evidence that [defendant] received ineffective assistance on appeal." The district court proceeded to provide its own reasons for this claim that appellate counsel rendered constitutionally deficient assistance prejudicial to the defendant and concluded that defendant was entitled to post-conviction relief. The district court then vacated defendant's sentence imposed in November 2018 and resentenced him, pursuant to the terms of the July 25, 2016 plea agreement to three years, with credit for time served, for domestic abuse battery involving strangulation.

We find the district court's leap to this judgment wholly unsupported by law and the record. First, defendant's application does not raise a claim of ineffective assistance rendered by appellate counsel; the application does not even name appellate counsel. *See* La. C.Cr.P. art. 926(B)(3); *State v. Mead*, 14-1051, p. 11 (La. App. 4 Cir. 4/22/15), 165 So.3d 1044, 1050-51. Considering it was not raised, the State was not provided any opportunity to file procedural objections and respond to such a claim, as required by La. C.Cr.P. art. 927.

---

that defendant must first show counsel's performance was deficient and then that the deficiency prejudiced the defendant. *State v. Mercadel*, 12-0685, p. 16 (La. App. 4 Cir. 7/24/13), 120 So.3d 872, 883.

9

Next, even assuming this claim had been raised by defendant, we find the trial court erred in finding grounds for relief. Defendant's appellate counsel, on direct appeal of his multiple bill adjudication and life sentence, was procedurally restricted to seeking review of issues raised in the district court. *See* La. C.Cr.P. art. 841. Since trial counsel did not file a motion to withdraw defendant's guilty plea in the district court, appellate counsel could not raise that issue on appeal. *See State v. Cuccia*, 05-0807, p. 34 (La. App. 4 Cir. 3/15/06), 933 So.3d 134, 158.

Finally, we also find the district court's resinstatement of the three-year sentence, "pursuant to the July 25, 2016 plea agreement" to be in error, in light of the district court's own prior ruling. When the first multiple bill was filed in September 2017, defendant filed a motion to quash arguing he was entitled to the three-year sentence based on the validity of the July 25, 2016 plea agreement; the district court denied that motion to quash, and this Court denied defendant's writ. *Theophile*, 18-0679 (La. App. 4 Cir. 9/14/18), *unpub'd*.

In consideration of the foregoing, we find that the district court failed to comply with this Court's order on remand in *Theophile*, 22-0659 (La. App. 4 Cir. 11/3/2022), *unpub'd*, and erred in its May 23, 2023 judgment by granting defendant post-conviction relief. Accordingly, we grant the State's writ and vacate the district court's May 23, 2023 judgment.

But, the question still remains as to "whether [defendant] should have been given the opportunity to withdraw his guilty plea" when he violated the terms of the October 15, 2018 negotiated plea deal, prompting the State to file the second multiple bill. Therefore, as to defendant's claim of ineffective assistance of counsel, the district court has not yet considered whether defendant's trial counsel, who represented him at the time he violated the terms of the October 15, 2018 plea

10

agreement, rendered ineffective assistance by failing to file a motion to withdraw defendant's guilty plea to the charge of domestic abuse battery involving strangulation, which served as a predicate offense for the multiple bill filed on October 31, 2018.

### DECREE

For the foregoing reasons, we vacate and set aside the district court's May 23, 2023 judgment, remand this matter to the district court, and hereby order the district court to conduct a hearing for the *limited purpose* of determining whether trial counsel who represented defendant at the time he violated the October 15, 2018 plea agreement—Mr. Roche—rendered ineffective assistance by failing to file a motion to withdraw defendant's guilty plea, at some time prior to the multiple bill hearing held on November 19, 2018.

**WRIT GRANTED; VACATED AND REMANDED**