**STATE OF LOUISIANA**                \*          NO. 2023-K-0765

**VERSUS**                       \*

                               **COURT OF APPEAL**

**KEVON WILLIAMS**          \*

                               **FOURTH CIRCUIT**

                        \*

                               **STATE OF LOUISIANA**

                    \* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 530-012, SECTION "SECTION L"
Judge Angel Harris,
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Rosemary Ledet, Judge Paula A. Brown, Judge Dale N. Atkins)

Jason R. Williams
Brad Scott
Orleans Parish District Attorney
619 South White Street
New Orleans, LA 70119

COUNSEL FOR STATE OF LOUISIANA

Kevon Williams
Rayburn Correctional Center
27268 Highway 21 North
Angie, LA 70426

PRO SE DEFENDANT/RELATOR

                            **WRIT GRANTED; RELIEF DENIED**
                                 **DECEMBER 11, 2023**

Relator, Kevon Williams, seeks review of the district court's September 20, 2023 judgment, which denied his motion to correct an illegal sentence.  On January 6, 2017, Relator pled guilty to seven counts of armed robbery, a violation of La. R.S. 14:64,[1] and was sentenced on each count to twenty years at hard labor, with the sentences to run concurrently.   On January 7, 2023, Relator filed a motion to correct an illegal sentence, asserting that his sentence was illegal under Article 857(B) of the Louisiana Children's Code and constitutionally excessive under the Eighth Amendment to the United States Constitution and Article 1, § 20 of the Louisiana Constitution.

Relator argued that, as a juvenile, his sentence of twenty years was not authorized by law pursuant to Article 857(B) of the Children's Code,[2] which limits

---

[1] Louisiana Revised Statutes 14:64 provides:

> A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

> B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.

[2] Louisiana Children's Code article 857(B) provides:

terms of commitment for fourteen-year-olds to a period not to extend past their thirty-first birthday. After oral argument, at which Relator appeared *pro se*, the district court denied the motion. In its reasons for judgment, the district court noted that the jurisdictional transfer of Relator's matter to Criminal District Court was likely pursuant to Article 305(B) of the Children's Code,[3] which provides for an automatic transfer to Criminal District Court upon the filing of an indictment for armed robbery against a fifteen-year-old.

"An illegal sentence 'is primarily restricted to those instances in which the term of the prisoner's sentence is not authorized by the statute or statutes which govern the penalty' for the crime of conviction." *Montgomery v. Louisiana*, 577 U.S. 190, 196, 136 S. Ct. 718, 726, 193 L. Ed. 2d 599 (2016) (quoting *State v. Mead*, 14-1051, p. 3 (La. App. 4 Cir. 4/22/15), 165 So.3d 1044, 1047). Louisiana Code of Criminal Procedure Article 882 permits the court, at any time, to correct a sentence "which exceeds the maximum sentence authorized by law." In the case

---

B. Notwithstanding any other provision of law to the contrary, a fourteen-year-old who is transferred pursuant to this Article and subsequently convicted shall not be confined for such conviction beyond his thirty-first birthday.

[3] Louisiana Children's Code article 305(B) provides, in pertinent part:

B. (1) When a child is fifteen years of age or older at the time of the commission of any of the offenses listed in Subparagraph (2) of this Paragraph, he is subject to the exclusive jurisdiction of the juvenile court until whichever of the following occurs first:

(a) An indictment charging one of the offenses listed in Subparagraph (2) of this Paragraph is returned.

\* \* \*

(2)(d) Armed robbery.

*sub judice*, Relator was fifteen years old at the time of the offenses to which he pled guilty, rendering Article 857 inapplicable to his circumstances. Therefore, Relator's sentence did not exceed the maximum sentence of ninety-nine years authorized by law.

Moreover, although Relator captioned the pleading filed in the district court as one to correct an illegal sentence, because the sentences imposed fall within the parameters of the sentencing statute, the motion does not truly address an illegal sentence, which may be filed at any time. Instead, Relator has essentially filed an application for post-conviction relief, subject to the timeliness requirements set forth in La. C.Cr.P. art. 930.8.[4] (*See State ex rel. Johnson v. Day*, 92-0122 (La. 5/13/94), 637 So.2d 1062). As recognized by the district court, because Relator's conviction and sentence became final in 2017, Relator's claim that the court imposed an excessive term of imprisonment is time-barred by the prescriptive period.

Accordingly, for the reasons set forth above, Relator's writ is granted, but the relief sought is denied.

**WRIT GRANTED; RELIEF DENIED**

---

[4] Louisiana Code of Criminal Procedure article 930.8 provides, in pertinent part, that "[n]o application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final."