STATE OF LOUISIANA         *      NO. 2024-K-0019

VERSUS                  *

                            COURT OF APPEAL

KYRON THEOPHILE     *

                            FOURTH CIRCUIT

                  *

                            STATE OF LOUISIANA

                * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 528-690, SECTION "DIVISION G"
Judge Nandi Campbell,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Dale N. Atkins, Judge Karen K. Herman)

Jason Rogers Williams
DISTRICT ATTORNEY
PARISH OF ORLEANS
Brad Scott
ASSISTANT DISTRICT ATTORNEY
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA  70119

     COUNSEL FOR RELATOR, STATE OF LOUISIANA

                            **VACATED AND REMANDED**
                               **FEBRUARY  20, 2024**

**DLD**
**DNA**
**KKH**

The state seeks review of the trial court's December 15, 2023 judgment in which the trial court found that defense counsel rendered ineffective assistance of counsel, vacated his adjudication as a multiple offender and resentenced him, pursuant to his July 25, 2016 plea agreement, to three years at hard labor in the Louisiana Department of Corrections. For the reasons that follow, we vacate the trial court's December 15, 2023 judgment and remand the matter again to the trial court for the specific purpose of requiring defendant's counsel, Leon Roche, to provide testimony regarding his decision for not filing a motion to withdraw defendant's July, 2016 guilty plea.

This matter has a long procedural history. Three different district judges have presided over the matter. Defendant's original plea of guilty on July 25, 2016, was presented to Judge Byron C. Williams. Defendant's October 15, 2018 plea bargain, the terms of which defendant violated, was presented to ad-hoc Judge Dennis Waldron. Finally, defendant's post-conviction application, in which he complained, in pertinent part, that he received ineffective assistance of counsel, was presented to Judge Nandi F. Campbell.

In an earlier writ application (*State v. Theophile,* 2023-0396 (La. App. 4 Cir. 7/21/23), 371 So.3d 486), this Court set forth the procedural history of the case as follows:

On July 25, 2016, Defendant pleaded guilty to domestic abuse battery involving strangulation in exchange for a sentence of three years. The trial court accepted Defendant's guilty plea and agreed, because Defendant's loved one was expecting to give birth on or about September 3, 2016, to postpone sentencing Defendant until September 12, 2016. However, the trial court warned that there would be dire consequences should Defendant fail to appear for sentencing. The trial court informed Defendant that a capias would be ordered for Defendant's arrest and he would face the prospect of having the State file a multiple bill against him.

On September 12, 2016, Defendant failed to appear for sentencing and the trial court continued the matter until September 19, 2016, again warning that Defendant's failure to appear on that date would result in the issuance of a capias for his arrest and a recommendation to the State "that they proceed with a multiple bill proceeding."

Defendant once again failed to appear for court on September 19, 2016. In response, the trial court issued a capias for his arrest and the State announced that Defendant was "eligible for a multiple bill." In an unrelated matter, during the time period in which Defendant failed to appear for sentencing, a warrant was issued for his arrest on a separate charge of second-degree murder.

Defendant was arrested on December 23, 2016, on the trial court's capias, as well as, on the second degree murder warrant. On March 14, 2017, Defendant appeared for sentencing and the trial court sentenced Defendant to three years incarceration in accordance with the original plea agreement. Despite Defendant's failure to appear in court on September 12, 2016, and later, on September 19, 2016, the prosecution, at that point, agreed not to charge Defendant as a recidivist.

On September 13, 2017, the State filed a multiple bill of information alleging that Defendant was a quadruple felony offender. A multiple bill hearing was conducted. At the hearing, the prosecutor stated that at the time he agreed not to multiple bill Defendant, back on March 14, 2017, he "was unaware that [Defendant] had a pending murder charge." Specifically, the prosecutor explained:

So Mr. Theophile, you attempted a plea agreement of no-bill and [three] years. I was unaware that you had been

arrested for murder with a murder charge and it's currently pending in Section "F". The State alleg[es] that that's a breach of our plea agreement and therefore, I'm filing a multiple bill against you.

Thereafter, Defendant filed a motion to quash the multiple bill; after a hearing, the trial court denied the motion. Defendant's writ application was denied by this Court. *State v. Theophile*, 2018-0679 (La. App. 4 Cir. 9/14/18) *unpub'd*. Following this Court's ruling, a multiple bill hearing was scheduled to proceed on October 15, 2018. At the multiple bill hearing, there was a delay in proceedings due to Defendant's consultation with his attorney about whether to accept a plea deal offered by the State. The State explained that the proposed plea agreement would be that Defendant plead guilty to being a quadruple offender and in exchange he would receive a sentence of twenty-five years and that plea would be conditioned on Defendant also entering a plea to twenty-five years on the charges pending in Section "F". The State explained:

> THE STATE:
> And to be clear, Judge. The sentence would be 25 years as a multiple offender.... [T]his plea is conditioned on him entering the same plea in all of his other cases in Section "F" to run concurrently.

> THE COURT:
> Those are the new charges that the gentleman has?

> THE STATE:
> [H]is homicide....

> THE COURT:
> But he would receive a 25 year sentence there because you would reduce it to manslaughter?

> THE STATE:
> Correct. That is the conditions of the State's plea.

Defendant ultimately accepted the conditions of the aforementioned plea agreement. The trial court then informed Defendant that by pleading guilty he was waiving his right to proceed to trial and all the privileges associated therewith, such as the right to remain silent and the right to have the State prove that he was the same person convicted of the prior offenses. The trial court specifically noted that in pleading guilty, Defendant was also agreeing to plead guilty to a manslaughter charge in Section "F," which would include a concurrent sentence of twenty-five years.

4

Next, the trial court reviewed the convictions that comprised the multiple bill to which defendant was pleading guilty: 1) 528-690 - domestic abuse battery involving strangulation; 2) 512-702 - possession of contraband in a penal institution; 3) 479-964 - aggravated assault with a firearm; 4) 449-707 - possession of heroin. Thereafter, the plea of guilty to the multiple bill was signed by Defendant, his attorney and the judge. The trial court sentenced Defendant to a term of twenty-five years in the care and custody of the Department of Corrections as a fourth offender pursuant to La. R. S. 15:529.1.

On October 31, 2018, the State filed a multiple bill against Defendant, seeking a life sentence. That multiple bill was prompted by Defendant's refusal to plead guilty to the charge of manslaughter in Section "F", thereby reneging on the October 15, 2018 twenty-five-year plea agreement. The new multiple bill charged that Defendant pled guilty to the following offenses: 1) 528-690 - domestic abuse battery involving strangulation; 2) 479-694 - aggravated assault with a firearm; 3) 449-707 - aggravated assault with a firearm.

During the October 31, 2018 multiple bill proceeding, the trial court asked Defendant if he was still interested in trying to obtain a twenty-five-year plea deal. Defendant refused to respond to the inquiry, instead he sought a fifteen-day delay to object to the multiple bill filed against him by filing a motion to quash. The trial court granted Defendant the fifteen-day delay, resetting the matter for hearing on November 19, 2018.

In Defendant's motion to quash the multiple bill, he claimed that the State was using the new multiple bill as selective enforcement to have Defendant plead guilty to the pending murder charge. The State responded by describing Defendant as "extremely violent" and went through several violent crimes that Defendant had committed, ....

After hearing arguments from both sides, the trial court denied Defendant's motion to quash and vacated the October 15, 2018 twenty-five-year sentence. The court then reviewed Defendant's prior actions that had precipitated the court's order vacating the twenty-five-year sentence.

> [T]he Court notes for the record that the Defendant stood before this Court and he indicated that he would enter a plea of guilty to the multiple bill that would not expose him to life imprisonment and that ... [a] multiple bill of information was duly filed and the sentence that was agreed to would be twenty five years. There was a

condition attached thereto, the condition was his plea of
guilty would also be entered in the days that followed ...
before her, Honor Judge Robin Pittman [Section "F"] for
the crime of manslaughter.... It was further agreed that
his sentence there would run concurrently with the
twenty-five-year sentence that this Court imposed. Upon
this Court's return for the second appointment as the Ad
Hoc Judge here ... the Court was formally notified by all
parties that ... Mr. Theophile had not carried through on
the commitment that he had made and that this additional
proceeding would indeed be necessary from the State's
prospective.

\* \* \*

After it was established that Defendant was the same person
who had been convicted on two separate charges of aggravated assault
with a firearm and domestic abuse battery involving strangulation, the
trial court went through the history of the case noting that Defendant
faced a life sentence because his earlier, twenty-five-year sentence
"has now been rescinded when the gentleman did not follow through
and also entered [sic] a plea of guilty before Your Honor Judge
Pittman for the crime of manslaughter...." Thereafter, Defendant
argued that domestic abuse battery involving strangulation is not an
enumerated crime of violence under La. R.S. 14:2(B) and therefore,
should not be considered a crime of violence for purposes of La. R.S.
15:529.1. The trial court noted Defendant's argument, but rejected it.

\* \* \*

Thereafter, the trial court, having earlier vacated Defendant's
twenty-five-year sentence, proceeded to find Defendant to be a third
felony offender with three crimes of violence, mandating a sentence
of life imprisonment.

*State v. Theophile,* 2023-0396, pp. 2-6 (La. App. 4 Cir. 7/21/23), 371 So.3d 486,

488-491 (quoting *State v. Theophile,* 19-0467, pp. 1-7 (La. App. 4 Cir. 12/11/19),

287 So.3d 53, 56-59, *writ denied,* 20-00075 (La. 11/10/20), 303 So.3d 1047).

After his sentence was affirmed on appeal, the defendant filed a counseled

application for post-conviction relief.  The defendant argued he had ineffective

assistance of counsel due to the failure to file a motion to withdraw his guilty plea

when the state filed its second multiple bill.  The district court denied the post-

6

conviction relief and the defendant subsequently filed a writ application with this Court which was granted in part. This Court "remanded the matter to the district court with instructions 'that it conduct a hearing on whether relator's [trial] counsel rendered ineffective assistance by failing to file a motion to withdraw relator's guilty [plea] once relator violated the terms of the negotiated plea bargain.' *Theophile*, 22-0659 (La. App. 4 Cir. 11/3/22), *unpub'd*." *Theophile,* 2023-0396, p. 7, 371 So.3d at 491. Stated differently, this Court ordered:

> [T]he district court [shall] determine whether trial counsel, who represented defendant at the time he violated the October 15, 2018 plea agreement (thereby resulting in the State filing a second multiple bill), rendered ineffective assistance by failing to file a motion to withdraw defendant's July 2016 guilty plea, to the charge of domestic abuse battery by strangulation, which was used to adjudicate defendant as a multiple offender.

> *Id.*

> Pursuant to the above-described limited remand, as this Court explained:

> [T]he district court conducted a hearing on April 25, 2023. At this hearing, the trial court only heard testimony from Mr. Shlosman, who represented defendant when he pled guilty to domestic abuse battery involving strangulation on July 25, 2016. Mr. Shlosman testified that he withdrew from defendant's case on May 3, 2018, before the October 15, 2018 plea agreement at issue took place. Notably, no testimony was attained from Mr. Roche, the attorney who represented defendant during the October 15, 2018 negotiated plea agreement and at the time when defendant violated the specific condition of that plea agreement by refusing to plead guilty in Section "F" to the charge of manslaughter.

> At the conclusion of the hearing, the district court took the matter under advisement. In its May 23, 2023 written judgment, the district court found no ineffective assistance of counsel rendered by Mr. Shlosman. Then, the district court granted post-conviction relief to defendant based on its own finding of ineffective assistance of appellate counsel. The district court vacated defendant's sentence and resentenced him to three years "pursuant to the July 25, 2016 plea agreement."

*Theophile*, 2023-0396, pp. 7-8, 371 So.3d at 491-492.

7

In vacating the district court's May 23, 2023 judgment, this Court noted that "the district court did not hear any testimony from Mr. Roche, the attorney who represented defendant at the time he violated the October 15, 2018 negotiated plea agreement." *Theophile,* 2023-0396, p. 8, 371 So.3d at 492. Further, "the district court failed to make any inquiry into Mr. Roche's performance, neither seeking to hear testimony from him at the hearing or noting in its judgment the defense's failure to call him as a witness." *Theophile,* 2023-0396, p. 9, 371 So.3d at 492. Thereafter, the Court found that the "district court's judgment … went well beyond this Court's limited remand order," provided the following:

> First, defendant's application [for post-conviction relief] does not raise a claim of ineffective assistance rendered by appellate counsel; the application does not even name appellate counsel. *See* La. C.Cr.P. art. 926(B)(3); *State v. Mead*, 14-1051, p. 11(La. App. 4 Cir. 4/22/15), 165 So.3d 1044, 1050-51. Considering it was not raised, the State was not provided any opportunity to file procedural objections and respond to such a claim, as required by La. C.Cr.P. art. 927.

> Next, even assuming this claim had been raised by defendant, we find the trial court erred in finding grounds for relief. Defendant's appellate counsel, on direct appeal of his multiple bill adjudication and life sentence, was procedurally restricted to seeking review of issues raised in the district court. *See* La. C.Cr.P. art. 841. Since trial counsel did not file a motion to withdraw defendant's guilty plea in the district court, appellate counsel could not raise that issue on appeal. *See State v. Cuccia*, 05-0807, p. 34 (La. App. 4 Cir. 3/15/06), 933 So.2d 134, 158.

> Finally, we also find the district court's resinstatement of the three-year sentence, "pursuant to the July 25, 2016 plea agreement" to be in error, in light of the district court's own prior ruling. When the first multiple bill was filed in September 2017, defendant filed a motion to quash arguing he was entitled to the three-year sentence based on the validity of the July 25, 2016 plea agreement; the district court denied that motion to quash, and this Court denied defendant's writ. *Theophile*, 18-0679 (La. App. 4 Cir. 9/14/18), *unpub'd*.

*Theophile*, 2023-0396, pp. 9-10, 371 So.3d at 493.

After vacating the district court's May 23, 2023 judgment, the Court noted that "the question still remains as to 'whether [defendant] should have been given the opportunity to withdraw his guilty plea' when he violated the terms of the October 15, 2018 negotiated plea deal, prompting the State to file the second multiple bill." *Theophile,* 2023-0396, p. 10, 371 So.3d at 493. Accordingly, the Court remanded the matter to the district court and ordered the following:

> [T]he district court [shall] conduct a hearing for the *limited purpose* of determining whether trial counsel who represented defendant at the time he violated the October 15, 2018 plea agreement—Mr. Roche—rendered ineffective assistance by failing to file a motion to withdraw defendant's guilty plea, at some time prior to the multiple bill hearing held on November 19, 2018.

*Theophile*, 2023-0396, p. 11, 371 So.3d at 493 (emphasis original).

Pursuant to this Court's remand, the trial court conducted a hearing on November 3, 2023. At that hearing, despite this Court's admonition to determine whether counsel was ineffective, failed to "hear any testimony from Mr. Roche," *Theophile,* 2023-0396, p. 8, 371 So.3d at 492. Instead, the court, based on the parties' stipulation that Roche failed to file a motion to withdraw defendant's guilty plea, summarily found that Roche "rendered ineffective assistance of counsel." Further, despite this Court's directive that the matter was remanded for the "*limited purpose*" of determining whether Roche rendered ineffective assistance, the trial court went beyond that directive. *Theophile*, 2023-0396, p. 11, 371 So.3d at 493 (emphasis original). The trial court, once again, resentenced defendant, "pursuant to his July 25, 2016 plea agreement to three years at hard labor in the Department of Corrections…."

Following the issuance of the trial court's December 15, 2023 judgment, the state objected, noticed its intent to seek a writ and the trial court set a return date of

9

January 15, 2024. The state timely filed the instant writ application on January 10, 2024.

A trial court's determinations of fact are reviewed for abuse of great discretion, and legal decisions are reviewed de novo. *State v. Candebat,* 2013-0780, pp. 6-7 (La. App. 4 Cir. 1/30/14), 133 So.3d 304-306 (citing *State v. Wells,* 2008-2262 (La. 7/6/10), 45 So.3d 577).

Here, the trial court went beyond this Court's remand by reinstating the July 25, 2016 plea agreement and sentencing defendant to three year's incarceration. As this Court explained in its decision vacating the trial court's May 23, 2023 judgment, the trial court erred in reinstating the three-year sentence pursuant to the July 25, 2016 plea agreement. *See Theophile,* 2023-0396, p. 10, 371 So.3d at 493. Nothing has changed since the Court's ruling in this regard. The matter has been adjudicated; the trial court erred in reinstating defendant's three-year sentence pursuant to the July 25, 2016 plea agreement.

In this case, however, as the state notes, "we" do not know why Roche did not file a motion to withdraw the plea. In the absence of Roche's testimony in this regard, an assessment of ineffectiveness, specifically, a finding of whether it was based on trial strategy or counsel deficiency that a motion to withdraw defendant's guilty plea was not filed, cannot be made.

The trial court's December 15, 2023 judgment is vacated and this matter is remanded to the trial court to conduct a hearing for the specific purpose of requiring defendant's counsel, Leon Roche, to provide testimony regarding his failure to file a motion to withdraw defendant's July 2016 guilty plea.

**VACATED AND REMANDED**